IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA GUERRANT, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00588 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B. WHEELER, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

The plaintiff, Angela Guerrant, a state inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against B. Wheeler, the Warden of Fluvanna Correctional Center; Shirley Davis, a counselor at Fluvanna; and the Director of the Virginia Department of Corrections. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).*

## Background

The plaintiff is presently incarcerated at Fluvanna. In June of 2006, the plaintiff attempted to mail a letter to the Governor requesting a "medical discharge." The plaintiff alleges that the letter was "intercepted by D.O.C. staff" and forwarded to the Director of the Virginia Department of Corrections. Upon receiving the letter in the mail, the Director returned the letter to Warden Wheeler. The letter was then routed to Counselor Davis, who gave it back to the plaintiff. The plaintiff now seeks monetary damages in the amount of $25,000.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish

---

*This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that she has failed to state a claim of constitutional magnitude against any of the named defendants.

As a prison inmate, the plaintiff retains certain First Amendment rights, including the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407-408 (1989). However, isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (aff'd, 88 Fed. Appx. 639 (4th Cir. 2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983). In this case, the plaintiff only alleges a single incident in which her outgoing mail was mishandled by prison employees. Because there is no indication that the incident was part of any official practice or pattern, the court concludes that she has failed to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated, the court will dismiss the complaint without prejudice, pursuant to

28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 3rd day of October, 2006.

_____
United States District Judge